**In re Marjorie G. HILL, Debtor.**

**Bankruptcy No. 84–807–BK–J–13.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 1, 1985.

W.K. Lally, Jacksonville, Fla., for debtor.

Lynn C. Washington, Jacksonville, Fla., for I.R.S.

Jerry A. Funk, Jacksonville, Fla., trustee.

## ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM # 4 OF THE INTERNAL REVENUE SERVICE

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter is before the Court on debtor's Objection to Proof of Claim # 4 filed by the Internal Revenue Service. A hearing was held on September 19, 1985, and the parties submitted post-hearing memorandums. The Service's proof of claim represented assessed deficiencies in income taxes for the years 1977, 1978 and 1979 along with penalties imposed pursuant to 26 U.S.C. § 6651(a)(1) and § 6653(a). Debtor objected asserting that no amount was due since her wagering losses exceeded her wagering winnings for the years in question.

The facts before the Court show that the debtor's 1977, 1978 and 1979 federal income tax returns were selected for examination by the Service. During the examination, debtor admitted that she had received more gambling winnings than she had reported; however, she could not document these winnings. The only records debtor had of her gambling activities were parimutuel tickets which she kept in shoe boxes. Debtor asserted that the reason she did not report the additional wagering income was because the losses exceeded the gain. Finding that the debtor did not sustain her burden of proving that her gambling losses offset her winnings, the Service increased debtor's income for the years in question by the amount of wagering income reported and disallowed any alleged wagering losses. The Service also assessed a negligence penalty against debtor for failing to keep adequate records of

her gambling activities and for failing to timely file her income tax returns.

On May 26, 1982, the Service issued a notice of deficiency for the taxable years in question. Debtor controverted this notice by filing an untimely petition with the Tax Court who summarily dismissed it for lack of jurisdiction. The Service then assessed the taxes determined in the notice of deficiency on March 31, 1983. The debtor filed for relief under 11 U.S.C. Chapter 13 on October 16, 1984. The Service subsequently filed a proof of claim for the unpaid assessed amounts.

The issue before the Court is whether debtor's production of gambling tickets was sufficient evidence to prove that her gambling losses exceeded her gambling winnings for the years in question and thus sustain her burden of proving that no additional tax was due.

■ Internal Revenue Code section 165(d) provides that "[l]osses from wagering transactions shall be allowed only to the extent of the gains from such transactions." 26 U.S.C. § 165(d). The burden of proving this deduction is on the claiming tax payer. *See Burnett v. Houston*, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991 (1931); *Mack v. Commissioner*, 429 F.2d 182 (6th Cir.1970); *Donovan v. Commissioner*, 359 F.2d 64 (1st Cir.1966).

The Tax Court has addressed this precise issue in the past and found that more evidence is needed than gambling tickets in order to substantiate gambling losses. *See Scoccimarro v. Commissioner*, TCM 1979–455 [39 TCM (CCH) 486]; *Salem v. Commissioner*, TCM 1978–142 [37 TCM (CCH) 614]; *see also DelGozzo v. Commissioner*, 1983–613 [46 TCM (CCH) 1590].

The *Scoccimarro* court astutely articulated why gambling tickets are not sufficient evidence:

> Parimutuel tickets such as were introduced in evidence in this case are of slight, if any, evidentiary weight where no corroboration is offered of petitioner's own statement that each and every one was a losing ticket purchased by her. . . .

We have no way of knowing whether petitioner purchased these tickets or received them from acquaintances and friends at the tracks or acquired them by resorting to the time honored technique of stooping; i.e. stooping down and picking up the discarded stubs of disheartened bettors.

*Scocciamarro* at 487.

■ This Court concurs with the sound logic of the Tax Court and finds that debtor failed to carry her burden of proving that her gambling losses exceeded her gambling winnings. Debtor did not present any evidence other than the gambling tickets and her self-serving testimony. Debtor admitted that her winnings exceeded the amount she claimed as income on her income tax returns and that she had no idea exactly how much she had won. Lastly, debtor failed to keep any contemporaneous record of her gambling activities or even tabulate the sum of the tickets prior to the time of the examination.

The final question this Court must address is whether the Service timely assessed the amounts determined in the notice of deficiency. Based on the limited evidence before the Court it appears that the assessment of tax was made within the period provided by law.

Wherefore, it is ORDERED:

(1) Debtor's Objection to the Proof of Claim # 4 filed by the Internal Revenue Service is overruled;

(2) The proof of claim of filed by the Internal Revenue Service in the amount of $11,276.27 is allowed.